CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK A. EDWARDS,     )<br>    Petitioner,     )<br>     )<br>v.     )<br>     )<br>CHADWICK S. DOTSON,     )<br>    Respondent.     ) | Civil Action No. 7:23-cv-00484<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Derrick A. Edwards, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Edwards challenges a penalty that was imposed after an offender disciplinary hearing at Red Onion State Prison. The respondent moves to dismiss, arguing that Edwards did not exhaust his administrative remedies. (Dkt. No. 20.) Edwards was granted an extension of time to respond (Dkt. No. 24), but he has not filed any response to the motion to dismiss. For the reasons stated below, respondent's motion will be granted, and this matter will be dismissed.

Edwards alleges that on August 26, 2022, he was penalized with a 90-day loss of good time credit for Offense Code 119(a), refusal to participate in a skin test for tuberculosis (PPD testing). (Habeas Pet., Dkt. No. 1.) Edwards declined to take the skin test for religious reasons and asked for a chest x-ray as an alternative. (*Id.* at 18.) Edwards' petition states that the decision was upheld by the Warden at the Level One Appeal on November 3, 2022, and then by the Virginia Department of Corrections Western Regional Administration on December 30, 2022. (*See id.*) He then asserts that he did not raise these claims in state court because the Virginia state court system "does not provide post-conviction proceedings" for this type of claim

(*id.* at 6).  Edwards asks for the hearing officer's decision to be vacated and the charge to be dismissed with prejudice.  (*Id.* at 15.)

Before a federal court can grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "A habeas petitioner meets the exhaustion requirement by 'fairly presenting his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim.'"  *Gordon v. Braxton*, 780 F.3d 196, 201 (4th Cir. 2015) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  To satisfy this burden, the petitioner must show that "both the operative facts and the controlling legal principles were presented to the state court."  *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010).

Edwards, as noted, asserts in his habeas petition that his claim is not cognizable in a state habeas matter.  To the contrary, a claim that a "prison disciplinary conviction resulting in the loss of earned good time credits, accompanied by a request that the credits be restored" is the "type of claim that could be raised in a habeas petition in Virginia courts."  *Shortt v. Va. Dep't of Corr.*, 2022 WL 1094661, at *2, Civil Action No. 7:22-cv-00143 (W.D. Va. Apr. 12, 2022) (citing *Carroll v. Johnson*, 685 S.E.2d 647, 652 (Va. 2009)).  In *Carroll*, the Supreme Court of Virginia construed Virginia Code § 8.01-654 as authorizing the "review of a loss of sentencing credits," which allows Virginia courts to review a disciplinary conviction that implicates "earned good conduct sentencing credits," *Wall v. Kiser*, 21 F.4th 266, 271–72 (4th Cir. 2021).

Accordingly, Edwards did not exhaust his claim in state court, but his claim is exhausted and procedurally defaulted because the limitations period for pursuing the claim has expired under state law.  *See Shortt*, 2022 WL 1094661, at *3 (explaining that the statute of limitations for an action under § 8.01-654 is one year and the claim accrues at the time the petitioner

2

discovers the improper denial of credit); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (finding that simultaneous exhaustion and procedural default occurs "when a habeas petitioner fails to exhaust available state remedies and 'the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would not find the claims procedurally barred'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).  The procedural bar that gives rise to exhaustion "provides an independent and adequate state-law ground" for the penalty, and thus "prevents federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).  Edwards has not established cause or prejudice as he has not made any argument about these concepts in his petition, and Edwards failed to respond to the motion to dismiss that raises the exhaustion and procedural default issue.

      Thus, the court will grant the motion to dismiss and dismiss this § 2254 action in an appropriate order.  Finding that petitioner has failed to make a substantial showing of the deprivation of a constitutional right, 28 U.S.C. § 2253(c)(2), or that the court's procedural ruling is debatable among reasonable jurists, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the court will also decline to issue a certificate of appealability.

      Entered:  September 26, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge